**E.I. duPONT de NEMOURS AND COMPANY, Plaintiff,**

v.

**Christopher J. DAGGETT, as Regional Administrator of the United States Environmental Protection Agency, Defendant.**

**No. CIV–85–626E.**

United States District Court,
W.D. New York.

June 10, 1985.

Daniel M. Darragh, Buffalo, N.Y., for plaintiff.

Joseph M. Guerra, III, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this action jurisdictionally premised upon 28 U.S.C. § 1331 plaintiff seeks to challenge the constitutionality of 42 U.S.C. § 6934, section 3013 of the Resource Conservation and Recovery Act ("RCRA"), as well as the validity of an administrative order issued thereunder April 29, 1985 which directs plaintiff to develop and to submit to the United States Environmental Protection Agency (the "EPA") an evaluation plan with respect to groundwater monitoring wells at a landfill site, known as Necco Park, in Niagara Falls, N.Y. Plaintiff has moved for a preliminary injunction staying the effective date of the April 29th order, restraining defendant and the EPA from undertaking their own investigative and monitoring actions at the site—admittedly owned and operated by the plaintiff—and enjoining the accrual of any civil penalties under 42 U.S.C. § 6934(e) that eventually might be assessed due to plaintiff's non-compliance with said order.

In opposition to such motion defendant has asserted that the statutory scheme in question and the issuance of the April 29th order do not violate plaintiff's right to due process of law and that this Court lacks jurisdiction at this juncture to review the validity or enforceability *vel non* of such

order. He has argued that plaintiff's due process rights are protected by its ability to challenge the propriety of said order in a subsequent action under subsection 6934(e) to compel compliance with the instant order or with any subsequent order issued under subsection 6934(d) requiring plaintiff to reimburse the EPA for the costs of the carrying out of the terms of the instant order itself or through a selected agent. In addition, the EPA has contended that pre-enforcement judicial review of the administrative order is not available; plaintiff does not contest such assertion.

Subsection 6934(a), entitled "Authority of Administrator," provides as follows:

"If the Administrator [of the EPA] determines, upon receipt of any information, that—

(1) the presence of any hazardous waste [1] at a facility or site at which hazardous waste is, or has been, stored, treated, or disposed of, or

(2) the release of any such waste from such facility or site

may present a substantial hazard to human health or the environment, he may issue an order requiring the owner or operator of such facility or site to conduct such monitoring, testing, analysis, and reporting with respect to such facility or site as the Administrator deems reasonable to ascertain the nature and extent of such hazard."

Subsection (c) requires the recipient of an order issued by the Administrator to submit within thirty days a proposal for carrying out the mandated monitoring, testing, analysis and reporting. After the recipient has complied with a subsection (a) order it is afforded an opportunity to confer with the EPA regarding the resultant proposal and the EPA may then require that the monitoring, analysis and reporting be undertaken as proposed or in accordance with modifications thereto made or acquiesced in by the EPA. Subsection (d)(1) states:

"(1) If * * * the Administrator deems any such action carried out by an owner or operator to be unsatisfactory,[2] * * * he may—

(A) conduct monitoring, testing, or analysis (or any combination thereof) which he deems reasonable to ascertain the nature and extent of the hazard associated with the site concerned, or

(B) authorize a State or local authority or other person to carry out any such action, and require, by order, the owner or operator referred to in subsection (a) * * * of this section to reimburse the Administrator or other authority or person for the costs of such activity."

Subsection (e) authorizes the Administrator to bring a civil action in federal district court to compel compliance with any order that had issued under section 6934 and provides jurisdiction for the court to require compliance with an administrative order and "to assess a civil penalty of not to exceed $5,000 for each day during which such failure or refusal occurs."

Plaintiff's instant request for preliminary injunctive relief is based upon its contention that the sanction provided for in subsection (e) "coupled with the absence of any specific review procedure denies it its due process rights because DuPont would

1. 42 U.S.C. § 6903(5) defines "hazardous waste" as "a solid waste, or combination of solid wastes, which because of its quantity, concentration, or physical, chemical, or infectious characteristics may (A) cause, or significantly contribute to an increase in mortality or an increase in serious irreversible, or incapacitating reversible, illness; or (B) pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed."

2. During oral argument before this Court May 23, 1985 counsel for the EPA asserted that inaction or a refusal to comply with an administrative order would be considered by the EPA to be "unsatisfactory" action, thereby authorizing the EPA to carry out monitoring, etc. under this provision and to order at a later date the EPA be reimbursed therefor by the plaintiff as the owner or operator. Such reimbursement order, if not complied with, could then be the subject of an enforcement proceeding under subsection (e).

be coerced into foregoing its legal challenge to the Order." Affidavit of Daniel M. Darragh, Esq., at paragraph 5. Plaintiff states that it has the constitutional right to contest the validity of the administrative order without having to face the possibility of substantial penalties if the challenge to the order eventually is rejected. The EPA has agreed that under the statute plaintiff could not elect to comply with the EPA order and subsequently attempt to recoup all or some of its expenses incurred in complying in an action against the government alleging and establishing that the ordered action had been excessive or unnecessary. However, the EPA has argued that should plaintiff refuse to comply with the April 29th order the plaintiff could raise as a defense to any future EPA action under subsection (e) that the order had been arbitrary or capricious and, in defense to any imposition of a fine and or reimbursement, that it had disobeyed the order due to its good faith belief that such had been invalid. Accordingly, the EPA contends, due process requirements are satisfied by the discretionary nature of the daily fines that can be imposed under subsection 6934(e) and by plaintiff's ability to challenge and to obtain judicial review of the propriety of the administrative order during an enforcement action that might be instituted by the EPA.

Initially it is noted that, although both parties have construed section 6934 to preclude judicial review of an administrative order that has been issued thereunder except in the context of an action brought by the EPA seeking enforcement under subsection (e), such construction is not compelled by the language of the statute or its legislative history. The statute does not expressly declare that an issued order shall not be deemed final agency action or otherwise be non-reviewable under the judicial review provisions of the Administrative Procedure Act. In addition, the cases relied upon by the EPA for the proposition that the order in question is not subject to review have not dealt with section 6934 but with sections of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*, which address orders issued in instances of *imminent* and substantial danger to public health or the environment. *See Lone Pine Steering Comm. v. United States E.P.A.*, 600 F.Supp. 1487 (D.N.J.1985); *Aminoil, Inc. v. United States E.P.A.*, 599 F.Supp. 69, 71 (C.D.Dal. 1984); *J.V. Peters & Co., Inc. v. Ruckelshaus*, 584 F.Supp. 1005 (N.D.Ohio 1984). The courts in these cases have found that, although subsection 106(a) of CERCLA does not expressly prohibit pre-enforcement review of administrative orders, the structure of such statute and its legislative history demonstrate that Congress did not intend to permit such judicial review due to the need for prompt and effective action responsive to emergency situations endangering public health and the environment. However, the legislative history regarding section 6934 of RCRA indicates that such section had been intended to be "clearly divorced from the imminent and substantial endangerment test" and to serve as "a preventative tool whose trigger is unrelated to the timeframe in which an injury may occur. An actual hazard need not exist." *Cong.Rec.* 3357 (February 20, 1980). Therefore, the "emergency" rationale for precluding review under section 106(a) of CERCLA is absent with respect to section 6934. Neither the language nor the legislative history of this section clearly necessitates a finding that Congress had intended to foreclose pre-enforcement review of such EPA orders. Although the structure of the statute is somewhat similar to that of other environmental laws that have been construed so as to bar pre-enforcement review despite the possible accrual of substantial civil penalties—*see e.g., Bethlehem Steel Corp. v. E.P.A.*, 669 F.2d 903 (3d Cir.1982) (section 120 of the Clean Air Act)—, a finding of unavailability of timely judicial scrutiny of the April 29th order is crucial to plaintiff's instant due process challenge to section 6934. Timeliness in this regard means that plaintiff

must have, as it will,[3] adequate opportunity to be heard prior to any substantial impingement upon or derogation of its rights or property.

Having considered the affidavits, memoranda and arguments submitted by the parties, this Court finds that plaintiff presently is not entitled to the preliminary relief sought by the instant motion. It is well established in this Circuit that a party seeking a preliminary injunction

"must make 'a showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.' " *Bell & Howell: Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir.1983) (quoting from *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979) ).

██ In the case at bar plaintiff has not sufficiently demonstrated how it would suffer any irreparable harm were it to refuse to comply with the April 29th order. Should the EPA commence an enforcement action regarding such order or a subsequent order for reimbursement, plaintiff would have the opportunity to challenge its validity therein. Moreover, the assessment of a civil penalty against plaintiff for noncompliance is discretionary under subsection (e) of section 6934. The EPA has asserted and this Court agrees that, even if either of such orders was to be upheld in the enforcement action, the cognizant court, in addressing the issue of reimbursement or of a civil penalty, could consider plaintiff's reasons for its failure to have complied with the respective administrative order and whether any challenge to its validity had been made by plaintiff in good faith. Therefore there exists no basis upon which this Court could find that plaintiff would necessarily suffer irreparable harm absent preliminary injunctive relief. Inasmuch as such relief "can and should be predicated only on the basis of a showing that the alleged threats of irreparable harm are not remote or speculative but are actual and imminent"—*State of New York v. Nuclear Reg. Com'n*, 550 F.2d 745, 755 (2d Cir,1977)—, plaintiff's motion for a preliminary injunction staying the effective date of the April 29th Order and enjoining the accrual of any civil penalties or liability for reimbursement shall be denied.

██ Similarly, plaintiff's request for an injunction preventing the EPA from itself performing or having a contractor perform the monitoring required by the April 29th order shall be denied. Although counsel for the EPA had indicated at oral argument May 23rd that the EPA would take such action upon plaintiff's refusal to comply with the terms of the order[4] and despite the fact that the pursuit of such a course of action is not expressly authorized by subsection 6934(d), plaintiff has not alleged or established what irreparable harm it might suffer as a result of the EPA's threatened action.

Accordingly, it is hereby ORDERED that plaintiff's motion for a preliminary injunction is denied.

---

3. The statute readily lends itself to such an interpretation and, inasmuch as such avoids unconstitutionality, this Court so construes it.

4. Counsel for the EPA stated unequivocally that the EPA would not institute a subsection (e)

proceeding to enforce the April 29th order and declined strenuously this Court's invitation to construe the instant proceeding as an enforcement action.